NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUZANNA MANUKYAN, | No. 13-74183 |
| Petitioner, | Agency No. A099-050-351 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Ruzanna Manukyan, a native and citizen of Armenia, petitions for review of

the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's decision denying her application for asylum and protection

under the Convention Against Torture ("CAT"). We have jurisdiction under 8

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1252.   We review for substantial evidence the agency's findings of fact. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003).   We deny the petition for review.

Substantial evidence supports the agency's finding that Manukyan failed to establish the incidents of harm she suffered in Armenia and her fear of future persecution based on those incidents were on account of a protected ground.   *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (under the REAL ID Act, applicant must prove a protected ground is at least "one central reason" for persecution); *see also Sharma v. Holder*, 633 F.3d 865, 871-72 (9th Cir. 2011) (rejecting petitioner's imputed political opinion claim where the evidence "overwhelmingly" showed persecutors were motivated by a non-protected ground). Substantial evidence also supports the agency's finding that Manukyan failed to establish her fear of future harm based on her actual political opinion and her political activities in the United States was objectively reasonable.   *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009) ("credible, direct, and specific evidence" is needed to support a reasonable fear of persecution); *see also Nagoulko*, 333 F.3d at 1018 (possibility of persecution "too speculative").   Thus, we deny the petition for review as to Manukyan's asylum claim.

Substantial evidence also supports the agency's denial of Manukyan's CAT claim because she failed to establish that it is more likely than not that she would be tortured if returned to Armenia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**